# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JAMES HUFF                                                                PLAINTIFF

v.                              No. 3:16-cv-164-DPM

ROY HARNESS, Lt., Individually and in
His Official Capacity as Deputy Sheriff
Crittenden County Arkansas; and
TODD GROOMS, Individually and in
His Official Capacity as Special Investigator
for Crittenden County Sheriff's Office                                   DEFENDANTS

## ORDER

Crittenden County deputy sheriff James Huff kept a lot of personal property in his patrol car. It was a take-home vehicle. He used it, for example, after his shift ended to drive to one of the Big Star grocery stores in West Memphis, where he worked evenings in his County uniform as a security guard. Huff knew that department policy allowed—on certain conditions during an internal investigation—a seizure of the County's vehicle, and any personal items in it, and a search of everything, all without a warrant. Some Big Star employees complained that Huff had sexually harassed them and shown them pornography on his cell phone. An internal investigation began. Huff

was suspended with pay, but had to turn over his badge, gun, and patrol car. He was not asked to relinquish his cell phone; he had no department phone. At first Huff was told he couldn't get anything personal out of the car. Eventually, Lt. Roy Harness allowed him to make a couple of trips to the car and retrieve a few things—some medicine, a prescription, a utility bill, his keys. Huff says he also wanted to get some old cell phones, which were stored either in the glovebox or the trunk. Lt. Harness, though, allegedly refused to let him make any more visits to the car. Two days later, Todd Grooms (the department's internal investigator) discovered two old cell phones, searched all the media files, and found pornography. No warrant was sought or received before this search. Huff eventually resigned. In this case, he seeks damages from Harness, Grooms, and Crittenden County for an alleged Fourth Amendment violation, plus return of the downloaded files. The Defendants request summary judgment, while Huff presses for the bench trial that's scheduled for July. The qualified immunity issues on Harness and Grooms intertwine with the merits.

The Chief Justice's path-marking opinion for an almost-unanimous Court in *Riley v. California*, 134 S. Ct. 2473 (2014) is the best place to start. Our cell phones are home-like because, by choice and by default, we live inside them. Had Huff been arrested, in general a warrant would have been required to search his old cell phones. 134 S. Ct. at 2494–95. He was not arrested. So this important precedent

guides but doesn't decide this case. *United States v. Crumble*, 878 F.3d 656, 660 (8th Cir. 2018). The *Riley* Court was clear, moreover, that the case-specific exceptions to the warrant requirement remain intact. 134 S. Ct. at 2494. Though unmentioned in *Riley*, it is settled law that reasonable searches of an employee's personal property in the workplace don't require a warrant. *O'Connor v. Ortega*, 480 U.S. 709 (1987); *City of Ontario, California v. Quon*, 560 U.S. 746 (2010). Was Grooms's search of Huff's old cell phones "reasonable[] under all the circumstances[?]" *O'Connor*, 480 U.S. at 725–26.

First, the Defendants say this is an abandonment case, that Huff had no reasonable expectation of privacy in the phones because he left them behind. *Crumble*, 878 F.3d at 659–60. It's true that Huff didn't come back in the two days before the search and ask for his old phones. But it's unclear whether the department would have let go of them. More importantly, the abandonment argument depends on Lt. Harness's testimony that he let Huff get everything he wanted out of his patrol car. Huff disputes this, saying that Harness drew the line after two retrieval trips. The Court must credit Huff, not Harness, at this point. So, no abandonment.

Second, Huff had a diminished expectation of privacy in the personal items he kept in his patrol car. He was employed by the public to serve and protect in the dangerous and essential work of law enforcement. *Compare, e.g., National Treasury Employees Union v. Von*

*Raab*, 489 U.S. 656, (1989). Crittenden County's policy on point* is clear. During an internal investigation, if reasonable cause exists, and if the search's purpose is narrowly related to the investigation, then "[p]ersonal items, whether secured or non-secured, discovered in [department motor vehicles] may also be searched." *№ 21-1 at 87*. By itself, the policy doesn't answer the constitutional question. The city in *Quon*, for example, had a similar search policy about email and text messages. 560 U.S. at 751. And *Quon* involved department-issued

---

* <u>Search and Seizure Relating to Internal Investigations:</u>

1. Department officers who are conducting internal investigations may conduct warrantless searches of Department offices, desks, lockers, file cabinets, motor vehicles, and other facilities and equipment owned, leased, or controlled by the Crittenden County Sheriff's Department. Personal items, whether secured or non-secured, discovered in any of the previously mentioned containers or enclosures may also be searched. Any items of contraband or any other types of evidence may be seized during the search and may be used as evidence in criminal or administrative proceedings. No file cabinet, locker, cabinet, or lock box shall be secured on Department property unless a copy of the key or combination is maintained in a locked key safe or in the office of the Sheriff.

2. A warrantless search of this type may only be conducted under the following circumstances:
    a. The Sheriff or Chief Deputy must expressly approve the search.
    b. The search must be with reasonable cause. Such cause shall be stated in written form, with a copy to be provided the employee.
    c. The purpose of the search must be narrowly related to the internal investigation.
    d. The search may only be conducted by an investigator assigned by the Sheriff, an investigator of the Criminal Investigation Division who is assigned to conduct or assist in conducting the internal investigation, the Sheriff or Chief Deputy or his/her designee. A second officer shall be present as a witness, and any items seized shall have an evidence/property form completed.

pagers, not personal cell phones left in department property. But the department's policy here nonetheless informs what a reasonable deputy would expect about personal items stored in his patrol car, and thus what the Constitution protects.

Third, and back to the deep issue: reasonableness of this search, both at inception and in scope. *O'Connor*, 480 U.S. at 725–26; *Quon*, 560 U.S. at 759–61. Grooms searched Huff's old phones as part of an internal investigation of alleged misconduct by a deputy. The department has a substantial interest in how officers comport themselves while working off duty in uniform. The allegation was that Huff was making unwelcome sexual advances toward Big Star employees by, among other things, showing them pictures of his genitals on his cell phone. This allegation provided (in the words of the department's policy) "reasonable cause" to look for such photographs. *№ 21-1 at 87*. The department didn't seize or search Huff's current cell phone—steps that are not before this Court. Grooms downloaded and reviewed only the media files on two of Huff's old phones. Grooms found pornography. There's no evidence of record that Grooms searched any other files or information on these phones, such as Huff's email, texts, or apps. The department's policy says this kind of search must be "narrowly related to the internal investigation." *№ 21-1 at 87*. This one was. Huff does not contend that there was any constitutionally material violation of the search-and-seizure policy

during this internal investigation. Reasonableness is the sum of the facts. Taking the record in the light most favorable to Huff, № 28 & 29, the fact finder could reach only one conclusion: the department's search was reasonable at its start and in its scope.

Last, Huff's claims against Crittenden County fail, too. His Fourth Amendment rights were not violated by a departmental custom or policy. And his new point, which emphasizes the failure to train officers about *Riley* and like cases, does not get traction. While lamentable, the lack of training didn't injure Huff.

\* \* \*

Motion for summary judgment, № 19, granted. The complaint will be dismissed with prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 May 2018